PAUL S. MARKS, State Bar No. 138407
   pmarks@neufeldmarks.com
**NEUFELD MARKS**
   **A Professional Corporation**
360 East Second Street, Suite 703
Los Angeles, California 90012
Telephone: (213) 625-2625
Facsimile: (213) 625-2650

Attorneys for plaintiff MCL Fresh, Inc.

FILED
2013 OCT 30 PM 4:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MCL FRESH, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SH ENTERPRISES, INC. dba CALIFORNIA MART, a corporation of unknown domicile; HUI MIN, an individual; TAE HO MIN, an individual; and DOES 1 through 50,<br><br>    Defendants. | Case No. CV 13-08033 PSG (FFx)<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT;**<br>(2) **OPEN BOOK ACCOUNT;**<br>(3) **ACCOUNT STATED; and**<br>(4) **PACA TRUST PROTECTION** |

Plaintiff MCL FRESH, INC. ("MCL") alleges as follows:

## VENUE

Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the stated claims occurred in this district.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331, in light of the allegations of the Fourth Claim for Relief under the Perishable Agricultural Commodities Act (7 U.S.C.A. § 499 *et seq.*). This Court also has jurisdiction under 28 U.S.C. § 1332,

190051.1

COMPLAINT

with respect to claims in excess of $75,000 between citizens of different states (in this case, California and the Territory of Guam; *see* 28 U.S.C. § 1332(e)).

## PRELIMINARY ALLEGATIONS

1. MCL is a corporation organized and existing under the laws of the state of California, with its headquarters in Los Angeles County, California.

2. Defendant SH ENTERPRISES, INC. dba CALIFORNIA MART ("SH ENTERPRISES") is a corporation organized and existing under the laws of an unknown jurisdiction. After appropriate inquiry, plaintiff has determined, on information and belief, that SH ENTERPRISES is not a California corporation.

3. Upon information and belief, SH ENTERPRISES does business in Guam and elsewhere, under the fictitious business name "California Mart."

4. The principal place of business of SH ENTERPRISES is located in Guam, at offices located at 199 Chalan San Antonio, Tamuning, Guam, 96913. SH ENTERPRISES' primary business is the sale of fresh fruits, fresh vegetables, and other perishable agricultural commodities (collectively "Produce"), as well as other food products and goods, to the retail public.

5. Defendant HUI MIN is an individual residing in Guam.

6. Defendant TAE HO MIN is an individual residing in Guam. (HUI MIN and TAE HO MIN are collectively referred to as the "MIN DEFENDANTS").

7. Upon information and belief, the MIN DEFENDANTS conduct business as a sole proprietorship in Guam and elsewhere, under the fictitious business name "California Mart."

8. The MIN DEFENDANTS' principal place of business is located in Guam at offices located at 199 Chalan San Antonio, Tamuning, Guam, 96913. The MIN DEFENDANTS' primary business is the sale of fresh fruits, fresh vegetables, and other Produce, as well as other food products and goods, to the retail public.

190051.1

9. Upon information and belief, the MIN DEFENDANTS own at least a controlling interest, but possibly the entire equity interest, in defendant SH ENTERPRISES, and have at all times relevant to this lawsuit served as executive officers and controlled SH ENTERPRISES and other entities.

10. Upon information and belief, there exists, and at all times mentioned herein there has existed, a unity of interest and ownership between the MIN DEFENDANTS and SH ENTERPRISES, such that any individuality and separateness between the MIN DEFENDANTS and SH ENTERPRISES has ceased, and the MIN DEFENDANTS are alter egos of SH ENTERPRISES.

11. Upon information and belief, the aforementioned unity of interest is based upon the following facts:

(a) At all times mentioned herein, SH ENTERPRISES was a mere shell and sham without adequate capitalization, assets, stock, or stockholders, intended and used as a device to avoid individual liability;

(b) At all times mentioned herein, SH ENTERPRISES has been completely controlled and dominated by the MIN DEFENDANTS, and has served as nothing more than a conduit through which MIN DEFENDANTS have operated their own business exactly as they had prior to SH ENTERPRISES' incorporation;

(c) The assets of SH ENTERPRISES and the MIN DEFENDANTS have been commingled, transferred from one to the other without adequate consideration, and the assets of SH ENTERPRISES have been used for the MIN DEFENDANTS' personal purposes; and

(d) SH ENTERPRISES has conducted its business without observing required corporate formalities such as holding director's or shareholder's meetings, issuing stock, keeping adequate corporate records and minutes, and entering into transactions without the approval of either directors or shareholders.

(e) Both the MIN DEFENDANTS and SH ENTERPRISES have represented to third parties, including but not limited to MCL, that each is

190051.1

individually doing business as "California Mart," and each has entered into agreements under the name "California Mart," when in fact only one of these entities is lawfully doing business as "California Mart."

12. Adherence to the fiction of the separate existence of SH ENTERPRISES and the MIN DEFENDANTS would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that it would permit SH ENTERPRISES and the MIN DEFENDANTS to defraud both plaintiff MCL and other creditors.

13. The true names and capacities, whether individual, corporate, or otherwise, of defendants DOES 1 through 50, are unknown to MCL, who therefore sues said defendants by such fictitious names. MCL is informed and believes and thereon alleges that each of the defendants designated herein as a fictitiously named defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortiously, and caused damages to MCL as herein alleged. MCL will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

14. At all relevant times, each and every defendant named in this Complaint (collectively "DEFENDANTS") was an agent of each of the remaining DEFENDANTS and, in performing the acts alleged in this Complaint, was acting within the scope of that agency and with the permission and consent of the other DEFENDANTS, or with later ratification of all acts by other DEFENDANTS.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)
### (Against All Defendants)

15. MCL realleges and incorporates by reference all previous paragraphs of this Complaint, as if fully set forth at this point.

16. Within the last four years, MCL entered into an agreement with DEFENDANTS, evidenced by invoices and other written documents (collectively

190051.1

the "AGREEMENT"), relating to the sale of Produce to DEFENDANTS.

17. Under the terms of the AGREEMENT, DEFENDANTS ordered Produce from MCL, MCL agreed to make the same available to DEFENDANTS on an F.O.B. basis at its warehouse in Los Angeles, and DEFENDANTS agreed to pay MCL for the Produce within thirty (30) days in Los Angeles, and otherwise in accordance with the terms of the AGREEMENT.

18. The AGREEMENT further provided that DEFENDANTS were to be charged interest at ten percent (10%) on all unpaid balances.

19. The AGREEMENT was evidenced by written invoices sent from MCL to DEFENDANTS, and by other written documents.

20. MCL has completely performed all of its obligations under the AGREEMENT, including, but not limited to, the timely delivery of multiple shipments of Produce ordered by DEFENDANTS.

21. DEFENDANTS closely monitored, and approved, MCL's performance under the AGREEMENT. DEFENDANTS' approval included the inspection and acceptance of the Produce delivered by MCL, and the continued ordering of individual shipments of Produce from MCL. At no time have DEFENDANTS ever voiced any dissatisfaction with MCL's performance under the AGREEMENT, or with the Produce delivered by MCL to DEFENDANTS.

22. DEFENDANTS have failed to pay MCL a total of at least $300,000.00 (the "DEBT") due under the terms of the AGREEMENT. By failing to pay MCL this sum, and by taking other actions in violation of the AGREEMENT, DEFENDANTS have breached the AGREEMENT.

23. DEFENDANTS have explicitly acknowledged their failure to pay MCL the DEBT and other monies owed under the terms of the AGREEMENT.

24. As a result of DEFENDANTS' breach of the AGREEMENT, MCL has suffered damages in an amount not less than the DEBT, plus consequential and incidental damages in an amount to be proven at trial, plus interest.

190051.1

## SECOND CLAIM FOR RELIEF

### (Open Book Account)

### (Against All Defendants)

### (California Code of Civil Procedure 337a)

25. MCL realleges and incorporates by reference all previous paragraphs of this Complaint, as if fully set forth at this point.

26. Within the last year, in this judicial district, an open book account was established between MCL, DEFENDANTS, and each of them, relating to the purchase and sale of products and services, including, but not limited to, multiple shipments of Produce delivered to DEFENDANTS by MCL upon its request.

27. DEFENDANTS have failed to timely pay MCL a sum of money equal to at least the DEBT, plus interest, due under the terms of the open book account, and DEFENDANTS have become indebted to Plaintiff MCL in this amount.

28. Neither the whole nor any part of said sum has been paid, although demand therefore has been made, and there is now due, owing, and unpaid, a sum of money equal to at least the DEBT, together with reasonable attorneys' fees and interest at the highest rate allowed by law, to Plaintiff MCL.

## THIRD CLAIM FOR RELIEF

### (Account Stated)

### (Against All Defendants)

29. MCL realleges and incorporates by reference all previous paragraphs of this Complaint, as if fully set forth at this point.

30. Within the last year, in this judicial district, there was an account stated by and between plaintiff MCL and DEFENDANTS.

31. Despite repeated requests for payment by plaintiff MCL, and despite promises of payment by DEFENDANTS, the liquidated sum of $300,000.00 remains owing by DEFENDANTS to plaintiff, and no part of this liquidated sum has been paid or otherwise satisfied by DEFENDANT.

190051.1

32. There is now due, owing, and unpaid, the sum of $300,000.00 together with reasonable attorneys' fees and interest at the highest rate allowed by law, by DEFENDANTS to plaintiff MCL on the account stated by and between plaintiff MCL and DEFENDANTS.

## FOURTH CLAIM FOR RELIEF

(Perishable Agricultural Commodities Act ("PACA");

Plaintiff's Entitlement to PACA Trust Protection and Attorney's Fees)

(7 U.S.C.A. § 499 *et seq.*)

(Against All Defendants)

33. The Perishable Agricultural Commodities Act of 1930 (7 U.S.C.A. 499 *et seq.*) ("PACA") requires that any recipient of perishable agricultural commodities ("Produce") maintain the products and sales proceeds derived therefrom in trust for the benefit of all unpaid suppliers or sellers of such Produce. (*See* 7 U.S.C. § 499e(c)(2).)

34. The Produce sold by plaintiff MCL to DEFENDANTS constituted perishable agricultural commodities. MCL provided DEFENDANTS with written notice of its intent to preserve the benefits of the PACA trust for the Produce sold pursuant to the AGREEMENT (the "SHIPMENTS"), and otherwise took all actions required to establish and preserve the benefits of the PACA trust for the SHIPMENTS.

35. All the elements necessary to require DEFENDANTS to maintain a trust pursuant to PACA were present in this matter, and DEFENDANTS were each required by law to maintain monies sufficient to pay for the SHIPMENTS (the "SALES PROCEEDS") in trust on behalf of plaintiff MCL.

36. Despite the legal requirement to maintain a trust on behalf of MCL under PACA, DEFENDANTS failed to maintain the SALES PROCEEDS in trust for MCL. Instead, and upon information and belief, DEFENDANTS distributed or transferred the SALES PROCEEDS to other creditors, to the MIN DEFENDANTS,

190051.1

to other entities owned or controlled by the MIN DEFENDANTS, to individuals associated or related to the MIN DEFENDANTS, and to other shareholders and stakeholders in CALIFORNIA MART, all in violation of PACA, and other applicable laws.

37. Without limiting the foregoing, upon information and belief, DEFENDANTS have diverted the SALES PROCEEDS and other monies from the PACA trust to purchase other businesses and business interests, subsidize money losing business ventures, support extravagant personal spending, and purchase and develop real estate.

38. Plaintiff MCL is therefore entitled to all of the benefits accruing to sellers of perishable agricultural commodities under PACA, including priority in any bankruptcy proceedings initiated by the DEFENDANTS, and the recovery of reasonable attorneys' fees related to the collection of the monies owed to MCL pursuant to the AGREEMENT.

WHEREFORE, plaintiff MCL prays for judgment as follows:

1. ON ALL CAUSES OF ACTION, the sum of $300,000.00, plus consequential and incidental damages in an amount to be proven at trial, plus interest, plus reasonable attorneys' fees; and

2. ON ALL CAUSES OF ACTION, for such other and further relief as the Court deems just and proper.

DATED: October 30, 2013

NEUFELD MARKS
Paul S. Marks

By: *(signature)*
Paul S. Marks
Attorneys for plaintiff MCL Fresh, Inc.

190051.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Philip S. Gutierrez__ and the assigned Magistrate Judge is __Charles F. Eick__.

The case number on all documents filed with the Court should read as follows:

**2:13-CV-8033-PSG (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 30, 2013                       By  MDAVIS
Date                                       Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| MCL FRESH, INC., a California corporation <br><br> *Plaintiff(s)* <br> v. <br> SH ENTERPRISES, INC. dba CALIFORNIA MART, a corporation of unknown domicile; HUI MIN, an individual; TAE HO MIN, an individual; and DOES 1 through 50 <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. CV13-08033 PSG (Ex) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SH ENTERPRISES, INC. dba CALIFORNIA MART, a corporation of unknown domicile; HUI MIN, an individual; TAE HO MIN, an individual, 199 Chalan San Antonio, Tamuning, GUAM 96913

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Paul S. Marks, Esq.
NEUFELD MARKS
360 East Second Street, Suite 703
Los Angeles, California 90012

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: OCT 30 2013

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MCL FRESH, INC., a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
SH ENTERPRISES, INC. dba CALIFORNIA MART, a corporation of unknown domicile; HUI MIN, an individual; TAE HO MIN, an individual; and DOES 1 through 50

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
PAUL S. MARKS, Esq., NEUFELD MARKS
360 E. 2nd Street, Suite 703
Los Angeles, CA 90012; (213)625-2625

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $ 300,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
BREACH OF CONTRACT and PACA TRUST PROTECTION, 7 U.S.C. §499 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-08033

CV-71 (09/13)        CIVIL COVER SHEET        Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature]   DATE: 10-30-13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |