1  PAUL S. MARKS, State Bar No. 138407
      pmarks@neufeldmarks.com
2  YURIKO M. SHIKAI, State Bar No. 229232
      yshikai@neufeldmarks.com
3  **NEUFELD MARKS**
      **A Professional Corporation**
4  360 East Second Street, Suite 703
   Los Angeles, California 90012
5  Telephone:  (213) 625-2625
   Facsimile:  (213) 625-2650
6
7  Attorneys for Plaintiff MCL Fresh, Inc.

8

9              **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  MCL FRESH, INC., a California          Case No. 2:13-CV-8033-PSG (Ex)
    corporation,
13                                          **NOTICE OF MOTION AND**
                                            **MOTION FOR DEFAULT**
                Plaintiff,                  **JUDGMENT BY COURT;**
14                                          **DECLARATIONS OF JEFF**
          vs.                               **THORESON AND YURIKO M.**
15                                          **SHIKAI IN SUPPORT THEREOF**
    SH ENTERPRISES, INC. dba
16  CALIFORNIA MART, a corporation of       [*Proposed Judgment lodged*
    unknown domicile; HUI MIN, an          *concurrently herewith*]
17  individual; TAE HO MIN, an
    individual; and DOES 1 through 50,     Date:      March 24, 2014
18                                          Time:      1:30 p.m.
                Defendants.                 Crtrm.:    880
19                                                     255 East Temple Street
20                                                     Los Angeles, CA 90012

21

22         PLEASE TAKE NOTICE that on March 24, 2014 at 1:30 p.m., or as soon

23  thereafter as the matter may be heard by the above-entitled Court, located at 255

24  East Temple Street, Los Angeles, California 90012, plaintiff MCL Fresh, Inc.

25  ("Plaintiff") will present its motion for a default judgment against defendants SH

26  Enterprises, Inc. dba California Mart, Hui Min, and Tae Ho Min (collectively,

27  "Defendants").  The clerk has previously entered the default of Defendants on or

28  about December 17, 2013.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1         Plaintiff's motion for entry of default judgment is made pursuant to Rule 55

2 of the Federal Rules of Civil Procedure, and is based on the following facts and

3 circumstances:

4       1.     All of the Defendants have been personally served with the Summons

5 and Complaint on November 1, 2013.

6       2.     None of the Defendants have appeared in this action.

7       3.     The Clerk has entered the default of Defendants on December 17, 2013.

8       4.     None of the Defendants are minors or incompetent persons.

9       5.     None of the Defendants are in military service or otherwise exempted

10 under the Soldiers' and Sailors' Civil Relief Act of 1940.

11       6.     Plaintiff is entitled to judgment against the Defendants on account of

12 the claims pleaded in the Complaint, which are for (a) breach of contract, (b) open

13 book account, (c) account stated, and (d) Perishable Agricultural Commodities Act

14 ("PACA") Trust Protection and attorneys' fees.

15       7.     The amount of judgment sought is the sum of $159,837.08 as set forth

16 in the attached declaration of Jeff Thoreson.

17       8.     In addition, Plaintiff seeks attorneys' fees pursuant to Local Rule 55-3

18 in the amount of $6,796.74.

19         This Motion is based on this Notice, the attached Memorandum of Points and

20 Authorities and supporting declarations, and the pleadings, files and other matters

21 that may be presented at the hearing.

22 DATED: February 3, 2014       NEUFELD MARKS

23                       A Professional Corporation

24

25

26                By: _____

27                    Paul S. Marks

28                    Attorneys for Plaintiff MCL Fresh, Inc.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

Plaintiff MCL Fresh, Inc. ("Plaintiff" or "MCL") seeks the entry of default judgment against each of the defendants SH Enterprises, Inc. dba California Mart, Hui Min, and Tae Ho Min (collectively, "Defendants").

Plaintiff sold and delivered several shipments of produce to Defendants which Defendants agreed to pay for.  However, Defendants failed to pay for the goods and services provided to them.  After making several attempts to resolve Defendants' nonpayment, Plaintiff filed this action against Defendants and personally served them with process, but Defendants never appeared in the action.  Default was entered against the Defendants on December 17, 2013.

Accordingly, Plaintiff respectfully requests that the Court grant its motion to enter default judgment against Defendants in this action, with costs and attorneys' fees calculated pursuant to Local Rule 55-3.

### II.   STATEMENT OF FACTS.

Plaintiff MCL, a California corporation, sells fresh fruits, fresh vegetables, and other perishable agricultural commodities (collectively, "Produce") to produce dealers.  (Cmplt. ¶ 1; Declaration of Jeff Thoreson ("Thoreson Decl.") ¶ 4.) Defendant SH Enterprises, Inc. dba California Mart ("California Mart") is in the business of the sale of Produce as well as other food products and goods, to the retail public.  (Cmplt. ¶ 4; Thoreson Decl. ¶4.)  Defendants Hui Min and Tae Ho Min (collectively, the "Min Defendants") are individuals residing in Guam, and who conduct business as a sole proprietorship under the fictitious name "California Mart," and whose primary business also is the sale of Produce, as well as other food products and goods, to the retail public.  (Cmplt. ¶¶ 5-8; Thoreson Decl. ¶ 5.)  Tae Ho Min and Hui Min are owners, officers, and directors of California Mart, and completely control and dominate California Mart.  (Thoreson Decl. ¶ 9; Cmplt. ¶¶ 9-11.)

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1         Within the last four years, MCL and Defendants entered into an agreement

2 relating to the sale of Produce to Defendants (the "Agreement"). (Cmplt. ¶ 16;

3 Thoreson Decl. ¶¶ 5-6, Ex. A.)  Pursuant to the Agreement, Defendants would order

4 Produce from MCL, MCL agreed to provide the same to Defendants, and

5 Defendants agreed to pay for the Produce within 30 days and otherwise in

6 accordance with the terms of the Agreement. (Cmplt. ¶ 17; *see* Thoreson Decl. ¶ 5,

7 Ex. A.)  MCL completely performed under the Agreement. (Cmplt. ¶ 20; *see*

8 Thoreson Decl., Exs. A, B.)  Despite Defendants' approval of MCL's performance

9 under the Agreement, Defendants breached the Agreement by failing to pay MCL a

10 total of at least $300,000 due under the terms of the Agreement, but which amount

11 was later paid down to $159,837.08. (Cmplt. ¶¶ 21-22; Thoreson Decl. ¶¶ 5, 8.)

12         MCL is licensed with the United States Department of Agriculture under the

13 Perishable Agricultural Commodities Act ("PACA"), and also provided Defendants

14 with written notice of its intent to preserve the benefits of the PACA trust for the

15 shipments of Produce that MCL delivered to Defendants. (Cmplt. ¶ 34; Thoreson

16 Decl. ¶¶ 3, 6, Ex. A.)  MCL properly fulfilled all requirements to maintain the PACA

17 trust. (Cmplt. ¶ 34; Thoreson Decl. ¶¶ 3, 6, Ex. A.)  However, Defendants failed to

18 maintain a trust on behalf of Plaintiff under PACA, and failed to maintain the sales

19 proceeds of the Produce that Plaintiff delivered to Defendants. (Cmplt. ¶ 36.)

20         On October 30, 2013, MCL filed its Complaint against the Defendants for

21 breach of contract, open book account, account stated, and PACA trust protection

22 and attorneys' fees. (Declaration of Yuriko M. Shikai ("Shikai Decl.") ¶ 2.)  On

23 November 1, 2013, each of the Defendants were personally served with the

24 Summons and Complaint. (Shikai Decl. ¶ 3, Exs. E-G; *see also* Ex. H.)

25         None of the Defendants have made an appearance in this action. (Shikai

26 Decl. ¶ 8.)  None of the Defendants are minors or incompetent persons. (Thoreson

27 Decl. ¶ 10.)  None of the Defendants are in military service or otherwise exempted

28 under the Soldiers' and Sailors' Civil Relief Act of 1940. (Thoreson Decl. ¶ 11.)

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1    On December 17, 2013, the Clerk of the Court entered default against each of

2    the Defendants.  (Shikai Decl. ¶ 7, Ex. I.)

3    **III.    PLAINTIFF HAS COMPLIED WITH DEFAULT JUDGMENT**

4    **REQUIREMENTS OF FRCP 55 AND LOCAL RULE 55-1.**

5    A party moving for default judgment must first satisfy the requirements of

6    Local Rule 55-1:

7    > Local Rule 55-1 requires that a party moving for default judgment

8    > submit a declaration (1) indicating when and against which party

9    > default has been entered; (2) identifying the pleading as to which

10   > default has been entered; (3) indicating whether the defaulting party is

11   > an infant or incompetent person, and if so, whether that person is

12   > represented by a general guardian, committee, conservator or other

13   > representative; (4) stating that the Service Members Civil Relief Act,

14   > 50 App. U.S.C. § 521, does not apply; and (5) affirming that notice has

15   > been served on the defaulting party, if required by Rule 55(b)(2).

16   *Lanstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal.

17   2010) (*citing to* C.D. Cal. Local Rule 55-1).  Under Rule 55 of the Federal Rules of

18   Civil Procedure, notice is required on the defaulting party <u>only if</u> that party has

19   appeared in the action. *Id.* at n. 19 (*citing to* Fed. R. Civ. P. 55(b)(2)).

20   Here, the declaration of Yuriko M. Shikai sets forth that (1) default has been

21   entered against all of the Defendants; (2) Defendants defaulted against Plaintiff's

22   Complaint; (3) none of the Defendants are infants or incompetent persons; (4) the

23   Service Members Civil Relief Act does not apply; and (5) notice is not required

24   because none of the Defendants have appeared in this action. (Shikai Decl. ¶¶ 3-8,

25   Ex. J; Thoreson Decl. ¶¶ 10-11.)

26   Consequently, Plaintiff has complied with all requirements under Rule 55 and

27   Local Rule 55-1.

28   / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

IV.   **THE *EITEL* FACTORS GOVERNING DEFAULT JUDGMENT WEIGH IN FAVOR OF ENTRY OF DEFAULT JUDGMENT.**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.3d 915, 917-18 (9th Cir. 1987) (*citing to Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  Once default has been entered pursuant to Rule 55 of the Federal Rules of Civil Procedure, the decision to enter a default judgment is within the Court's discretion. *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1287 (C.D. Cal. 2001).  The Court considers certain factors when exercising its discretion to enter a default judgment:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

A review of these factors reveals that default judgment should be entered, as shown below.

A.   **Plaintiff Will Suffer Prejudice if Relief Is Denied.**

Plaintiff is entitled to the money owed to it from Defendants for the Produce and services Plaintiff provided to Defendants.  (Cmplt. ¶¶ 16-23, 26-28, 30-32, 33-38; Thoreson Decl. ¶¶ 5-8, Exs. A-B.)  Plaintiff would suffer prejudice if the

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 default judgment is not entered because Plaintiff would be denied the right to

2 judicial resolution of its claims, and would be without other recourse for recovery.

3 *Elektra Entertainment Group Inc. v. Crawford* 226 F.R.D. 388, 392 (C.D. Cal.

4 2005).

5       Therefore, Plaintiff would suffer prejudice if default judgment is not entered.

6 This factor favors Plaintiff's request for default judgment.

7     **B.**    **<u>Substantive Merits of Plaintiff's Claims and the Sufficiency of the</u>**

8         **<u>Complaint.</u>**

9       The Complaint is sufficiently pled and satisfies the elements of all of

10 Plaintiff's claims for breach of contract, open book account, account stated, and

11 PACA trust protection and attorneys' fees. By Defendants' default in this action,

12 the Complaint establishes Defendants' liability for each of these claims.

13     **1.**    ***<u>Breach of Contract.</u>***

14       The elements of a breach of contract claim are that:  (1) a contract was

15 formed; (2) plaintiff performed under the contract or was excused from performing;

16 (3) defendant breached the contract; and (5) plaintiff was harmed by defendant's

17 breach.  *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d

18 1371, 1388, 272 Cal. Rptr. 387 (1990).

19       The Complaint satisfies all of these elements, by alleging that (1) MCL

20 entered into a contract with Defendants (Cmplt. ¶¶ 2-3, 7, 9-12, 16-19); (2) MCL

21 performed all of its obligations under the contract, including timely delivery of

22 multiple shipments of produce (Cmplt. ¶¶ 20-21); (3) Defendants breached the

23 contract and acknowledged their breach (Cmplt. ¶¶ 22-23); and MCL was harmed

24 by Defendants' breach (Cmplt. ¶¶ 22, 24).

25       Thus, Defendants are liable for breach of contract.

26     **2.**    ***<u>Open Book Account.</u>***

27       The elements of an open book account are:  (1) a transaction between plaintiff

28 and defendant; (2) plaintiff kept an account of the debits and credits involved in the

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 transaction; and (3) defendant owes plaintiff a specific amount of money on the

2 account. *Robin v. Smith*, 132 Cal. App. 2d 288, 291, 282 P.2d 135 (1955).

3       Here, all of these elements are satisfied. The Complaint alleges that (1) MCL

4 and Defendants had transactions between them relating to the purchase and sale of

5 products and services, including, but not limited to, multiple shipments of fresh

6 fruits, fresh vegetables, and other perishable agricultural commodities delivered to

7 Defendants by MCL (Cmplt. ¶¶ 4, 26); (2) MCL kept an account of the debits and

8 credits involved in the transaction (Cmplt. ¶¶ 22, 26-28); and (3) Defendants owe

9 MCL a sum of money equal at least to $300,000 (which later was paid down to

10 $159,837.08), together with reasonable attorneys' fees and interest (Cmplt. ¶¶ 22,

11 28).

12       Thus, Defendants are liable for an open book account.

13       **3.**    ***Account Stated.***

14       "The essential elements of an account stated are:  (1) previous transactions

15 between the parties establishing the relationship of debtor and creditor; (2) an

16 agreement between the parties, express or implied, on the amount due from the

17 debtor to the creditor; [and] (3) a promise by the debtor, express or implied, to pay

18 the amount due."  *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600, 76 Cal.

19 Rptr. 663 (1969).

20       The Complaint is well-pleaded in that it alleges (1) the previous transactions

21 between MCL and Defendants in which MCL delivered multiple shipments of

22 Produce ordered by Defendants, (Cmplt. ¶¶ 20, 26, 30); (2) MCL and Defendants

23 agreed on the amount due from Defendants to MCL (Cmplt. ¶¶ 22-23); and

24 (3) MCL requested payment of $300,000 and Defendants promised to pay $300,000

25 to MCL (Cmplt. ¶ 31).  However, Defendants failed to pay the amount due to MCL.

26 (Cmplt. ¶ 31.)

27       Thus, Defendants are liable for an account stated.

28 / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1          **4.   _PACA Trust Protection._**

2          PACA requires that any recipient of perishable agricultural commodities

3   ("Produce") maintain the products and sales proceeds derived therefrom in trust for

4   the benefit of all unpaid suppliers or sellers of such Produce.  7 U.S.C. § 499e(c)(2);

5   _C & E Enterprises, Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)_, 947 F.2d

6   1351, 1352 (9th Cir. 1991).  PACA provides for the establishment of a trust which

7   "automatically arises in favor of a produce seller upon delivery of produce and is for

8   the benefit of all unpaid suppliers or sellers involved in the transaction until full

9   payment of the sums owing has been received."  _C & E Enterprises, Inc._, 947 F.2d

10  at 1352.  The supplier is to give written notice of its intent to preserve the benefits of

11  the PACA trust to the produce dealer.  _Id._  "Dealers violate PACA if they do not pay

12  promptly and in full for any perishable commodity in interstate commerce."  _Sunkist_

13  _Growers, Inc. v. Fisher_, 104 F.3d 280, 282 (9th Cir. 1997).

14         Here, MCL sold Produce to Defendants and provided them with notice of its

15  intent to preserve the benefits of the PACA trust.  (Cmplt. ¶ 34.)  Defendants were

16  required to maintain monies sufficient to pay for the Produce that MCL delivered to

17  Defendants, but Defendants failed to do so.  (Cmplt. ¶¶ 35-36.)

18         In addition, individuals such as Hui Min and Tae Ho Min who are

19  shareholders, officers or directors of a defendant corporation are secondarily and

20  personally liable for PACA debts if they (1) are in a position to control PACA trust

21  assets and (2) breach their fiduciary duty to preserve those assets.  _Sunkist Growers,_

22  _Inc. v. Fisher_, 104 F.3d 280, 283 (9th Cir. 1997).  In the instant action, Tae Ho Min

23  and Hui Min are owners, officers, and directors of California Mart, and they

24  completely control and dominate the corporate entity.  (Thoreson Decl. ¶ 9; Cmplt.

25  ¶¶ 9-11.)  Defendants failed to maintain the sales proceeds in trust for MCL.

26  (Cmplt. ¶¶ 36-37.)

27         Therefore, Defendants are liable for their violation of PACA.

28  / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

C.    **The Amount of Money at Stake.**

Under the *Eitel* factors, the amount of money at stake is considered in relation to the seriousness of the defendant's conduct. *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 921. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Id.*

Plaintiff seeks the amount of $159,837.08, plus interest, which are due under the Agreement and pursuant to the invoices and Produce and services that Defendants accepted from MCL. (Cmplt. ¶¶ 21, 23; Thoreson Decl. ¶¶ 6, 8, Exs. A, C.) The requested damage amount is set forth in the Declaration of Jeff Thoreson. (Thoreson Decl. ¶ 8, Ex. C.) Defendants also owe to Plaintiff reasonable attorneys' fees and interest. (Shikai Decl. ¶ 9; Cmplt. ¶¶ 28, 32, 38; *see also* p. 8.)

The facts show that the amount of damages sought is appropriate. Thus, this factor also weighs in favor of entry of default judgment.

D.    **No Dispute Exists as to Any Material Allegations.**

"Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists. This factor therefore indicates the propriety of entry of default judgment." *Elektra Entertainment Group Inc.*, 226 F.R.D. at 393.

Defendants have not appeared in this action. Moreover, MCL delivered Produce to Defendants which Defendants accepted, and Defendants never voiced any dissatisfaction of MCL's performance or with the Produce that MCL delivered to Defendants. (Cmplt. ¶ 21.) Furthermore, Defendants explicitly acknowledged that they owe $300,000 and other monies to Defendant, promised to pay their debt, but failed to do so. (Cmplt. ¶¶ 23, 27-28, 31-32.)

Therefore, no factual disputes exist to preclude the entry of default judgment.

E.    **Defendants' Default Is Not from Excusable Neglect.**

Another factor that the court considers is whether the default was due to the excusable neglect of Defendants. In the instant case, Defendants were personally

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  served with the Summons and Complaint among other documents.  (Shikai Decl.

2  ¶ 3.)  Defendants have failed to answer the Complaint or otherwise appear in this

3  action. (Shikai Decl. ¶ 8.)  Moreover, Defendants sent a letter to Plaintiff's counsel

4  stating that they did not intend to appear in the action.  (Shikai Decl.¶ 4, Ex. H)

5       Therefore, Defendants' default did not result from any excusable neglect.

6  Consequently, this factor also is favorable to the entry of default judgment against

7  Defendants.

8       **F.    Public Policy Weighs in Favor of Entry of Judgment.**

9       "Cases should be decided upon their merits whenever reasonably possible."

10  *Eitel*, 782 F.2d at 1472.  However, "'defendant(')s failure to answer plaintiff(s')

11  complaint makes a decision on the merits impractical if not impossible.'"  *Elektra*

12  *Entertainment Group Inc.*, 226 F.R.D. at 393 (internal citations omitted).  "'Under

13  Fed.R.Civ.P. 55(a), termination of a case before hearing the merits is allowed

14  whenever a defendant fails to defend an action.'"  *Id.* (internal citations omitted).

15       Because Defendants failed to respond to or defend this action in any way, this

16  factor does not preclude the court from entering default judgment against

17  Defendants. *Elektra Entertainment Group Inc.*, 226 F.R.D. at 393.

18       Accordingly, all of the *Eitel* factors warrant the granting of default judgment

19  against each of the Defendants.

20  **V.    DAMAGES.**

21       Under Rule 54(c) of the Federal Rules of Civil Procedure, only the amount

22  prayed for in the complaint may be awarded to the plaintiff in a default.  Fed. R.

23  Civ. P. 54(c).  Federal Rule of Civil Procedure 8(a)(3) requires that such a demand

24  for relief be specific.  Fed. R. Civ. P. 8(a)(3).

25       Plaintiffs' invoices and balance statement provide that Defendants owe to

26  Plaintiff the amount of $159,837.08.  (Thoreson Decl. ¶¶ 6, 8, Exs. A, C.)

27       The MCL invoices to Defendants also contain a provision for attorneys' fees

28  and costs.  (*See* Thoreson Decl., Ex. A.)  Thus, pursuant to California Code of Civil

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1   Procedure section 1717, MCL is entitled to recover attorneys' fees and costs in this

2   action.  Cal. Civ. Code §1717.

3       In addition, under PACA, a plaintiff supplier is entitled to recover attorneys'

4   fees.  *C & E Enterprises, Inc.*, 947 F.2d at 1353.  In this case, the Complaint prayer

5   included costs of suit and reasonable attorney fees for both of these claims. (Cmplt.

6   at p. 8.)

7       Plaintiff respectfully requests an award of costs and reasonable attorney fees,

8   with fees calculated per Local Rule 55-3.  (*See* Shikai Decl. ¶ 9; Cmplt. ¶¶ 28, 32,

9   38; *see also* p. 8.)

10  ## VI.   CONCLUSION.

11      For all of the foregoing reasons, plaintiff MCL Fresh, Inc. respectfully

12  requests that the Court grant its motion for default judgment in its entirety against

13  defendants SH Enterprises, Inc. dba California Mart, Hui Min, and Tae Ho Min.

14

15  DATED:  February 3, 2014         NEUFELD MARKS

16                                    A Professional Corporation
                                      Paul S. Marks
17                                    Yuriko M. Shikai

18

19

20  By: _____
                                      Paul S. Marks
21                                    Attorneys for Plaintiff MCL Fresh, Inc.

22

23

24

25

26

27

28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
360 East Second Street • Suite 703 • Los Angeles, California 90012
Telephone (213) 625-2625 • Facsimile (213) 625-2650